## Case No. 8,094.

### LARRA v. The HENRY BUCK.

#### March, 1847.

[Cited in The David Faust, Case No. 3,595. Nowhere reported; opinion not now accessible.]

## Case No. 8,095.

### LARRABEE et al. v. The PIEDMONT.

#### [Betts, Scr. Bk. 596.]

#### Circuit Court, S. D. New York. 1859.

##### COLLISION—IDENTITY—DAMAGES.

[1. The identity of the vessel colliding with libellant's vessel at anchor is sufficiently established by the testimony of the master of the vessel libelled that he passed the place in question at about the time of the collision, and came in collision with an unknown vessel.]

[2. The recovery of damages may include further repairs, where the first repairs were found insufficient after a voyage.]

[3. Damages may be given at the rate of the market value, though the vessel was under charter at the time of the collision.]

[Appeal from the district court of the United States for the Southern district of New York.]

This was an action brought by [Stephen Larrabee and others], the owners of the brig Philip Larrabee, to recover for a collision between the vessels in night of September, 1855, while the brig was at anchor off Holmes' Hole. The only question as to the collision was whether it was the Piedmont which ran into the brig. The master of the Piedmont was called as a witness, and testified that the steamer passed Holmes' Hole about the time of the collision, and did come in collision with a vessel which he did not know. The court below gave a decree for the libellants. On the reference which was had to ascertain the damages, it appeared that after the collision the brig went into Edgarton, and was repaired, and then went to Boston, where it was found that the repairs were insufficient, and further repairs were there put on. The respondents claimed that the libellants could only recover for the first repairs, but the commissioner reported for the amount of the repairs at Boston. The respondents also claimed that, as the brig was under charter at the time of the collision, the rate of demurrage for the detention while being repaired was to be decided by that charter, and not by market value, and that, if proof of market value were to be given, it must be made to appear that there was a market for such vessels at the time and place, of which no evidence was given. The commissioner, however, gave damages at the rate of market value. A decree was thereupon rendered for the libellant for $4,452 59, from which the respondents appealed to this court.

Mr. Hawkins, for libellants.
Beebe, Dean & Donohue, for appellants.

NELSON, Circuit Justice. I have looked into this case, and am satisfied the injury to the brig was committed by the Piedmont. The identity is the only question raised on the merits. The amount of damages seems to have been carefully considered, and is, I think, sustained by the proof. Decree affirmed.